PROB 12C  
(06/17)

August 5, 2022  
pacts id: 870061

UNITED STATES DISTRICT COURT  
FOR THE  
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jacqueline Lizeth Zermeno (English)   **Dkt. No.:** 19CR04025-001-AJB

**Reg. No.:** 48594-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** Ct. 1: 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony.

**Date of Revocation Sentence:** January 10, 2022

**Sentence:** Time served, 30 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** January 20, 2022

**Asst. U.S. Atty.:** Sara J. O Connell   **Defense Counsel:** Keith H. Rutman  
(Appointed)  
619-237-9072

**Prior Violation History:** Yes. See prior court correspondence.

PETITIONING THE COURT  
**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about July 16, 2022, Ms. Zermeno consumed marijuana as evidenced by her admission on July 22, 2022. |

***Grounds for Revocation:*** As to Allegation 1, on July 18, 2022, Ms. Zermeno submitted a urine tested which screened positive for marijuana. On July 22, 2022, the undersigned confronted Ms. Zermeno who admitted to consuming marijuana on or about July 16, 2022.

PROB12(C)

Name of Offender: Jacqueline Lizeth Zermeno                                                                August 5, 2022
Docket No.: 19CR04025-001-AJB                                                                                        Page 2

(Special Condition)
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2. On or about August 2, 2022, Ms. Zermeno failed to participate in drug treatment at the McAlister Institute.

**Grounds for Revocation:** As to Allegation 2, on June 23, 2022, the undersigned directed Mr. Zermeno to schedule an intake with the McAlister Institute to enroll in drug treatment. Ms. Zermeno was previously scheduled to attend an intake with the McAlister Institute on June 6, 2022, but reported she failed to do so. On July 7, 2022, Ms. Zeremeno advised her intake with the McAlister Institute was rescheduled for August 2, 2022. However, on August 5, 2022, staff at the McAlister Institute reported Ms. Zermeno failed to attend her intake on August 2, 2022.

Case 3:19-cr-04025-AJB   Document 67   Filed 08/08/22   PageID.183   Page 3 of 6

PROB12(C)

| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | August 5, 2022 |
| Docket No.: 19CR04025-001-AJB | Page 3 |

# VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

On May 26, 2022, Ms. Zermeno successfully completed residential drug treatment at the Serenity House and appeared to be on a positive trajectory. Upon her release from residential drug treatment, she was scheduled for an intake on June 6, 2022, at the McAllister Institute to begin outpatient drug treatment.

However, as alleged above, Ms. Zermeno failed to attend her intake with the McAllister Institute on June 6, 2022, and her subsequent intake scheduled for August 2, 2022.

In an effort to bring Ms. Zermeno in compliance with her conditions of supervised release, the undersigned attempted to contact her on August 3, 2022, August 4, 2022, and August 5, 2022. On August 4, 2022, Ms. Zermeno responded via text indicating she would contact probation and noted she and her children are sick. On August 5, 2022, the undersigned left a voicemail and sent a text message to Ms. Zermeno directing her to contact probation no later than noon the same day. At the writing of this report, Ms. Zermeno has failed to contact probation as directed.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Zermeno is a 35-year-old female. She reportedly resides in Spring Valley, California and is currently unemployed. Her substance use began at age 14 and includes marijuana and methamphetamine use. Ms. Zermeno has completed residential treatment four times since 2011. Her criminal history consists of the following charges: burglary, forgery, use of personal identifying information, under the influence of a controlled substance, driving under the influence, and importation of methamphetamine.

In addition, on November 26, 2021, Ms. Zermeno was arrested for willful cruelty to a child no great bodily injury. This arrest occurred prior to Ms. Zermeno's last revocation of supervised release and consequently, can not be alleged in this petition. The undersigned will provide the Court with an update on the status of this arrest as more information is obtained.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Consuming marijuana and failing to participate in drug treatment) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but

Case 3:19-cr-04025-AJB   Document 67   Filed 08/08/22   PageID.184   Page 4 of 6

PROB12(C)

| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | August 5, 2022 |
| Docket No.: 19CR04025-001-AJB | Page 4 |

not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>34 months and 8 days</u> of supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 52 days custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

In the violation report dated March 30, 2022, the Court noted any further violation conduct by Ms. Zermeno would result in a warrant. Further, Ms. Zermeno has not made herself available for supervision. She presents as a risk of danger and nonappearance due to ongoing substance use issues and her failure to engage in drug treatment.

### RECOMMENDATION/JUSTIFICATION

Ms. Zermeno's actions represent a disregard for the Court's orders and are a breach of trust.

Should the court find Ms. Zermeno in violation of her conditions of release, it is recommended that her term be revoked, and she be sentence to six months custody. Additionally, 24 months' supervised release is recommended with the same conditions as previously imposed.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** August 5, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by
John H. Moore
U.S. Probation Officer
(619) 409-5127

Reviewed and approved:

Craig Bilinski
Supervisory U.S. Probation Officer

PROB12CW                                                                                              August 5, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Zermeno, Jacqueline Lizeth

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR04025-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| **Violation(s)** | **Grade** |
|---|---|
| Consuming marijuana | C |
| Failing to participate in drug treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                            [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                   [    IV    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                              [  6 to 12 months  ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |
|---|---|
| Restitution ($) _____ | Community Confinement _____ |
| Fine($) _____ | Home Detention _____ |
| Other _____ | Intermittent Confinement _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | August 5, 2022 |
| Docket No.: 19CR04025-001-AJB | Page 6 |

**THE COURT ORDERS:**

__X__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

_____
The Honorable Anthony J. Battaglia
U.S. District Judge

8-8-22
Date

jt