PROB 12C  January 20, 2023
(06/17)  pacts id: 870061

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jacqueline Lizeth Zermeno (English)     **Dkt. No.:** 19CR04025-001-AJB

**Reg. No.:** 48594-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** Ct. 1:  8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony.

**Date of Revocation Sentence:** September 19, 2022

**Sentence:** Time served. 24 months' supervised release. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** September 19, 2022

**Asst. U.S. Atty.:**  Sara J. O Connell     **Defense Counsel:** Keith H. Rutman
(Appointed)
619-237-9072

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | January 20, 2023 |
| Docket No.: 19CR04025-001-AJB | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. | 1. On September 29, 2022, October 5, 2022, October 10, 2022, October 19, 2022, October 26, 2022, October 31, 2022, November 7, 2022, November 10, 2022, November 14, 2022, November 17, 2022, November 24, 2022, December 1, 2022, December 8, 2022, and December 22, 2022, Ms. Zermeno failed to attend outpatient drug treatment counseling at the McAlister Institute. |

*Grounds for Revocation:* As to Allegation 1, the undersigned received verbal and written confirmation from Ms. Zermeno's drug treatment counselor on December 22, 2022, and January 4, 2022, indicating Ms. Zermeno failed to attend drug treatment counseling on the above noted dates.

| | |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 2. On January 4, 2022, and January 12, 2022, Ms. Zermeno failed to comply with drug testing requirements, as instructed by the probation officer, in that she failed to submit a urine specimen at the United States Probation Office, as required. |

*Grounds for Revocation:* As to Allegation 2, the undersigned has received and reviewed the Chain of Custody for Drug Analysis form which confirms on the above dates, Ms. Zermeno failed to submit a urine sample as required. On September 20, 2022, the undersigned reviewed written instructions for drug testing with Ms. Zermeno, and she acknowledged receipt of the instructions with her signature. Specifically, Ms. Zermeno was instructed to call the drug testing life after 8:15PM the day before each drug testing day to hear if she was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

| | |
|---|---|
| **(Standard Condition)** If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. | 3. On January 8, 2022, Ms. Zermeno failed to notify probation of her contact with law enforcement on January 5, 2022. |

*Grounds for Revocation:* As to Allegation 3, the undersigned received notification Ms. Zermeno may have had contact with the San Diego County Sheriff's Office on January 5, 2022. On January 10, 2022, I received and

PROB12(C)
Name of Offender: Jacqueline Lizeth Zermeno January 20, 2023
Docket No.: 19CR04025-001-AJB Page 3

reviewed the San Diego Sheriff's Office Incident Narrative, Case No. 23100561, which confirms the following: On January 5, 2023, at approximately 5:45AM, Ms. Zermeno was gambling at the Jamul Casino. While on the casino main floor, she observed Cath Palomera, who is currently dating the father of Ms. Zermeno's five children, Francisco Bacasehua. Ms. Zermeno and Ms. Palomera have had prior cordial conversations via Facebook Messenger, so she approached Ms. Palomera for a conversation. During their talk, Mr. Bacasehua arrived and got into an argument with Ms. Zermeno. During the argument, Mr. Bacasehua smacked Ms. Zermeno in the face with the back of his hand. Ms. Zermeno tried to hit him back one time but missed. She tried to punch him again, but when Ms. Palomera stood up, she ended up punching Ms. Palomera in the face. Mr. Bacasehua and Ms. Zermeno were separated by casino staff and departed the property in separate vehicles. Ms. Zermeno remained to speak with law enforcement about the incident. Ms. Zermeno sustained no visible injuries and signed a medical record release form.

Law enforcement indicated Ms. Zermeno had a strong odor of alcohol emanating from her person during their contact with her.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

On October 13, 2022, Ms. Zermeno was reported by the El Cajon police department to have fallen asleep in her vehicle with aerosol cans surrounding her. The undersigned confront Ms. Zermeno regarding this incident who denied using the aerosol cannisters to obtain a high.

On October 24, 2022, Ms. Zermeno disclosed she had contact with law enforcement who found her sick in her vehicle and transported her to the hospital. At the time, Ms. Zermeno noted her symptoms included vomiting.

On October 30, 2022, the San Diego Sheriff's Office indicated Ms. Zermeno was observed seizing in her car by a person passing by. When law enforcement arrived on the scene, they observed three aerosol cannisters in possession. Law enforcement stated Ms. Zermeno admitted to huffing aerosol cannisters which is her way of getting high.

On November 3, 2022, the undersigned confronted Ms. Zermeno who admitted huffing aerosol cannisters. It was hoped, at that time, Ms. Zermeno would commit to her sobriety and comply with her conditions of supervised release.

Unfortunately, Ms. Zermeno has continued a negative trajectory as outlined in the allegations above. The undersigned attempted to contact Ms. Zermeno telephonically on December 21, 2022, December 22, 2022, December 29, 2022, January 3, 2023, and January 10, 2023. However, at the writing of this report, Ms. Zermeno has failed to contact the undersigned. Additionally, Mr. Zermeno has not called the drug testing line since December 28, 2022.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Ms. Zermeno is a 35-year-old female. She resides in Spring Valley, California. Her substance use began at age 14 and includes marijuana and methamphetamine use. Ms. Zermeno has completed residential treatment four times since 2011. Her criminal history consists of the following charges: driving under the influence and importation of methamphetamine.

**SENTENCING OPTIONS**

**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Failing to attend outpatient treatment., Failing to attend drug testing., and Failing to notify probation of law enforcement contact.) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

Case 3:19-cr-04025-AJB   Document 78   Filed 01/24/23   PageID.205   Page 5 of 8

PROB12(C)
| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | January 20, 2023 |
| Docket No.: 19CR04025-001-AJB | Page 5 |

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s.  It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation.  The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 month(s) supervised release, less any term of imprisonment imposed upon revocation.  The court has imposed an aggregate of 86 custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Zermeno appears to have absconded from supervision. Given her ongoing substance use issues, she presents as a risk of danger and nonappearance.

PROB12(C)

| | |
|---|---|
| Name of Offender: Jacqueline Lizeth Zermeno | January 20, 2023 |
| Docket No.: 19CR04025-001-AJB | Page 6 |

## RECOMMENDATION/JUSTIFICATION

Ms. Zermeno does not appear amenable to supervision and her ongoing noncompliance is a significant breach of the court's trust.

Should the court find Ms. Zermeno in violation of her conditions of supervised release, it is recommended that her term be revoked, and she be sentenced to 12 months' custody with no additional supervised release to follow. The high end of the guideline range is recommended as Ms. Zermeno was revoked twice for similar violation behavior.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** January 20, 2023

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
John Moore
U.S. Probation Officer
(619) 409-5127

Reviewed and approved:

_____
Craig Bilinski
Supervisory U.S. Probation Officer

PROB12CW                                                                                                    January 20, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Zermeno, Jacqueline Lizeth

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR04025-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Failing to attend outpatient treatment. | C |
   | Failing to attend drug testing. | C |
   | Failing to notify probation of law enforcement contact. | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 6 to 12 months ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____     Community Confinement _____
   Fine($) _____            Home Detention _____
   Other _____              Intermittent Confinement _____

**THE COURT ORDERS:**

__x__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____          1-23-23
The Honorable Anthony J. Battaglia                                Date
U.S. District Judge